UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TONNIE C. LUCKETT (#99443)     CIVIL ACTION NO.

VERSUS     19-401-BAJ-EWD

NATIONAL PERSONNEL
RECORDS CTR., ET AL.

## ORDER

This matter comes before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis*.[1]

*Pro se* plaintiff, Tonnie C. Luckett ("Plaintiff"), an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against National Personnel Records Ctr., Washington D.C. Department of Veterans Affairs, Hunter Medical Systems, Inc., Adjutant General, and Louisiana Department of Veterans Affairs ("Defendants"), alleging his Constitutional rights were violated in connection with a request for documents pertaining to his blood type.[2]

The statute applicable to the granting by federal courts of *in forma pauperis* status to inmates in civil proceedings makes clear that Plaintiff is not entitled to proceed as a pauper in this case. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in a federal district court that have been dismissed as frivolous, malicious, or for failure to state a claim.[3]

---

[1] R. Doc. 4.

[2] R. Doc. 3, p. 4.

[3] Cases filed by the plaintiff that have been dismissed by the federal courts as frivolous, malicious, or for failure to state a claim include, but are not limited to, T*onnie Luckett v. Burl N. Cain, et al.*, Civil Action No. 13-722 (M.D. La.); *Tonnie Luckett v. Burl N. Cain, et al.*, Civil Action No. 14-153 (M.D. La.); and *Tonnie C. Luckett v. Burl N. Cain, et al.*, Civil Action No. 15-74 (M.D. La.).

An inmate who has had three prior "strikes" may still qualify to file a new civil action *in forma pauperis* upon a showing of imminent danger. However, this exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm.[4] An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury."[5] The possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger.[6] The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical.[7]

Plaintiff filed his Complaint in this matter on June 19, 2019.[8] Plaintiff alleges that the named entities are wrongfully refusing to release records pertaining to Plaintiff's blood type. Plaintiff's Complaint is based solely on an inability to obtain records regarding his blood type. Plaintiff does not allege any danger regarding the inability to obtain information regarding his blood type, so Plaintiff has not established any imminent danger as is required to benefit from the exception to the three strikes rule. Further, Plaintiff has filed actions based on these same alleged wrongful acts on at least two prior occasions.[9] One of those suits was dismissed as legally frivolous.[10] Plaintiff's repeated attempts to litigate this issue also subject this case to dismissal as malicious.[11]

---

[4] *Banos v. O'Guin*, 144 F.3d 883, 884–885 (5th Cir. 1998).
[5] 28 U.S.C. § 1915(g).
[6] *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'").
[7] *Davis v. Stephens*, No. 14–10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future because he has been required to wear shoes that are the wrong size and are damaged is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).
[8] R. Doc. 1.
[9] *Tonnie C. Luckett v. Burl N. Cain*, Civil Action No. 15-cv-74 (M.D. La.); *Tonnie C. Luckett v. Federal Bureau of Investigation*, Civil Action No. 19-351 (M.D. La.).
[10] *Tonnie C. Luckett v. Burl N. Cain, et al.*, Civil Action No. 15-cv-74 (M.D. La.).
[11] "Repetitious litigation of virtually identical causes of action is subject to dismissal. . . as malicious." *See Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (*per curiam*). *See also Milton v. Gusman*, Civil Action No. 10-cv-3309, 2010 WL 5376459 (E.D. La. Oct. 6, 2010) ("It has long been resolved that repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915(e)(2)(B) and § 1915A as malicious.").

The express purpose of 28 U.S.C. § 1915(g) is to deter frivolous prisoner filings in federal courts.[12] "The limited exception provided in subsection (g) for imminent danger of serious physical injury operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury."[13] Plaintiff fails to show that his circumstances warrant an exception. Because Plaintiff is barred from proceeding *in forma pauperis* in this case, he is required to pay the full amount of the Court's filing fee.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion to Proceed *In Forma Pauperis*[14] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted twenty-one (21) days from the date of this Order within which to pay $400.00, the full amount of the Court's filing fee. The filing fee must be paid in full in a single payment. No partial payments will be accepted.

**Failure to pay the Court's filing fee within 21 days may result in the dismissal of Plaintiff's action without further notice from the Court.**

Signed in Baton Rouge, Louisiana, on September 20, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] *Castillo v. Bickham*, No. CIV.A. 14-2917, 2015 WL 251708, at *3 (E.D. La. Jan. 20, 2015) *citing Ball v. Famiglio*, 2015 WL 136568, at *4, *quoting Abdul–Akbar v. McKelvie*, 239 F.3d 307, 318–19 (3d Cir. 2001).
[13] *Castillo*, 2015 WL 251708, at *3.
[14] R. Doc. 4.